## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND VUONCINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:21-CV-01046-K |
| | § | |
| FORTERRA, INC., UNITED STATES | § | |
| PIPE FABRICATION, LLC, JEFFREY | § | |
| BRADLEY, and WILLIAM KERFIN, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Raymond Vuoncino's Motion for Reconsideration and to File a Second Amended Complaint (the "Motion for Reconsideration"), Doc. No. 205, Defendants Forterra, Inc. ("Forterra") and United States Pipe Fabrication, LLC's ("USP Fabrication") Response in Opposition to Plaintiff's Motion for Reconsideration and to File a Second Amended Complaint, Doc. No. 206, Defendants Jeffrey Bradley and William Kerfin's Opposition to and Joinder in the Opposition of Forterra and USP Fabrication in Response to Plaintiff's Motion for Reconsideration and to File a Second Amended Complaint, Doc. No. 207, Mr. Vuoncino's Reply Brief in Further Support of the Motion for Leave to File a Second Amended Complaint, Doc. No. 212, Mr. Vuoncino's Motion for Leave to File Arbitration Award in Support of Pending Motion (the "First Motion for Leave"), Doc. No. 215, and superseding Amended Motion for Leave to File Arbitration Award in Support of Pending Motion

(the "Second Motion for Leave"), Doc. No. 217, Forterra and USP Fabrication's Response in Opposition to Plaintiff's Motion for Leave to File Arbitration Award in Support of Pending Motion, Doc. No. 219, Mr. Bradley and Mr. Kerfin's Opposition and Joinder in the Opposition of Forterra and USP Fabrication to Plaintiff's Motion for Leave to File Arbitration Award in Support of Pending Motion, Doc. No. 220, and Mr. Vuoncino's Reply Brief in Support of the Motion for Leave to File the Arbitration Opinion and Order.  Doc. No. 223.

The Court **GRANTS** Mr. Vuoncino's Second Motion for Leave to file an opinion issued in the arbitration of several claims that are stayed in this Court.  Doc. No. 217.  The Court has reviewed this opinion, but the opinion does not alter its decision.  The Court **DENIES** as moot Mr. Vuoncino's First Motion for Leave to file the opinion because it has granted the superseding Second Motion for Leave.

Upon consideration of the submissions before it, the Court **DENIES** Mr. Vuoncino's Motion for Reconsideration.  Mr. Vuoncino sued Forterra for retaliatory discrimination under the Sarbanes-Oxley Act ("SOX") and later named Forterra CEO Jeffrey Bradley, Forterra officer William Kerfin, and Forterra subsidiary USP Fabrication as additional Defendants to the claim.  After compelling arbitration of other claims he filed, the Court dismissed Mr. Vuoncino's SOX claim with prejudice. Insofar as Mr. Vuoncino seeks reconsideration of that decision on the merits, he simply recycles old arguments or raises new ones that he could have—but chose not to—make before the Court ruled.  Neither is a proper basis to reconsider the decision.  The

remainder of Mr. Vuoncino's briefing instead concerns his request to file an amended complaint.  The Court already denied a substantially similar request from Mr. Vuoncino.  The amendment was futile when Mr. Vuoncino first proposed it, and it remains futile the second time around.  Mr. Vuoncino wants to sue two of Forterra's affiliates on his SOX theory, but by the first time he asked this Court for permission to do it, the statute of limitations had run.  The Court sees no reason to reopen litigation of the SOX claim to permit Mr. Vuoncino to make untimely attempts to name the correct defendant.

## I.   BACKGROUND

Mr. Vuoncino claims that he lost his job as an executive in the Forterra corporate family in January 2017 because he blew the whistle on a scheme by which one wholly owned indirect subsidiary of Forterra, United States Pipe and Foundry Company, LLC ("USP Foundry"), gave improperly recorded rebates to another wholly owned indirect subsidiary of Forterra, USP Fabrication.  Doc. No. 59 ¶¶ 9–12, 28–67.

He filed a complaint against Forterra and another of its subsidiaries, U.S. Pipe, Inc. ("USP"), with the Occupational Health and Safety Administration ("OSHA").  Doc. No. 195-2.  Forterra and USP filed a response in which they suggested that Mr. Vuoncino was "terminat[ed] from" USP Fabrication.  Doc. No. 184-1 at 32.

On February 21, 2018, after six months had passed without a ruling from OSHA, Mr. Vuoncino filed a complaint against Forterra with the United States District Court for the District of New Jersey.  Doc. No. 1.  Mr. Vuoncino also named Forterra's

CEO, Jeffrey Bradley, and Forterra's President of Water Pipe & Products, William Kerfin, as Defendants. *Id.* ¶ 13. He advanced various claims against the Defendants, including a claim for retaliatory termination in violation of SOX that he advanced exclusively against Forterra. *Id.* ¶¶ 73–94.

Defendants filed a series of motions seeking dismissal of Mr. Vuoncino's claims, arbitration of the non-SOX claims, or transfer of the case to the Northern District of Texas. Doc. Nos. 11–12, 14–15. Their grounds for dismissal included a challenge to the New Jersey court's personal jurisdiction over them and a challenge to the merits of Mr. Vuoncino's claims. Doc. No. 11-1 at 12–15; Doc. No. 14-1 at 8. Among other things, Defendants argued that Mr. Vuoncino's SOX claim could not succeed because he had not sued his employer, which they identified as USP Foundry, and had not alleged any basis for piercing USP Foundry's corporate veil and holding Forterra liable as the ultimate parent of his employer. Doc. No. 11-1 at 27, 38–39; *see also* Doc. No. 26 at 14–15. In response, Mr. Vuoncino acknowledged that he "was either employed by [USP] Foundry or [USP] Fabrication" but argued that this was irrelevant because SOX purportedly allowed him to sue Forterra directly. Doc. No. 22 at 25–26.

Judge Cecchi, who presided over Mr. Vuoncino's case, ordered the parties to mediate their dispute and terminated the pending motions. Doc. No. 34. When mediation failed, the parties joined a status conference with Magistrate Judge Kiel, who noted that Mr. Vuoncino was willing to abandon one of his non-SOX claims and

ordered Mr. Vuoncino to file a motion to amend his complaint or to file an amended complaint with Defendants' consent.  Doc. No. 40.

One week later, Mr. Vuoncino moved to amend his complaint.  Doc. No. 41. He proposed to name USP Fabrication as a Defendant, to assert his SOX claim against all Defendants, and to allege that Forterra was liable under SOX either directly or as an alter ego of USP Fabrication.  Doc. No. 41-2.  Judge Kiel denied the motion because Mr. Vuoncino did not keep his word about abandoning one of his non-SOX claims. Doc. No. 51 at 3–4.  Mr. Vuoncino then renewed his motion with the non-SOX claim omitted from his proposed amendment.  Doc. No. 52-1.  On the understanding that they would file motions to dismiss, Defendants did not oppose the motion.  Doc. No. 53 at 1; Doc. No. 54 at 1.  Judge Kiel granted it on March 20, 2020.  Doc. No. 58 at 1; Doc. No. 59.

In May, Forterra and USP Fabrication filed a motion to stay discovery.  Doc. No. 65.  In June, Defendants again filed a series of motions seeking dismissal of Mr. Vuoncino's claims, arbitration of his remaining non-SOX claims, or transfer of the case to the Northern District of Texas.  Doc. Nos. 67–70.  Reprising their earlier argument with a minor variation, Defendants asserted that Mr. Vuoncino's SOX claim was defective because he had not sued his employer, USP Foundry, and had not sufficiently alleged a basis for piercing USP Foundry's corporate veil to hold Forterra or USP Fabrication liable.  Doc. No. 67-1 at 33; *see also* Doc. No. 79 at 15–16.  In July, Mr. Vuoncino responded that there was conclusive evidence USP Fabrication was his

employer and accused Forterra and USP Fabrication of falsely naming USP Foundry as his employer "to get this case . . . away from a jury" because "they know that only [USP] Foundry had an arbitration policy." Doc. No. 76 at 8–10. He nonetheless added a footnote to his briefing asking for leave to name USP Foundry as a Defendant "to guard against the unlikely event that the trier of fact" believed USP Foundry employed him. *Id.* at 8 n.2.

Judge Kiel denied Forterra's motion to stay discovery on August 17, 2020, Doc. No. 83 at 1, and transferred the case to this Court on April 22, 2021. Doc. Nos. 126–27. He simultaneously terminated the remaining requests for relief—with prejudice insofar as they turned on questions of personal jurisdiction and without prejudice otherwise. Doc. No. 126 at 22. Shortly before the transfer order issued, Mr. Vuoncino again moved to amend his complaint, this time to name USP Foundry as a Defendant along with USP Holdings, Inc. ("USP Holdings"), an indirect subsidiary of Forterra and a parent of both USP Fabrication and USP Foundry. Doc. No. 125; Doc. No. 125-1; Doc. No. 195-1 at 2.



Judge Kiel terminated this motion without prejudice, too.  Doc. No. 126 at 22 n.10; Doc. No. 129.

Forterra and USP Fabrication renewed their motions to compel arbitration of the non-SOX claims and to stay discovery in this Court.  Doc. Nos. 142–43.  The Court referred the motions to Magistrate Judge Rutherford.  Doc. No. 149.  Mr. Vuoncino did not renew his motion to amend his complaint.

On February 28, 2022, Judge Rutherford recommended compelling arbitration of Mr. Vuoncino's non-SOX claims, staying those claims, and refusing to stay the SOX claim.  Doc. No. 176 at 21–22.  The Court adopted the recommendation, ordered Defendants to renew any motions to dismiss they still wished to urge, and stayed discovery.  Doc. No. 181 at 1; Doc. No. 182 at 1; Doc. No. 183.

Before Defendants could renew their motions, Mr. Vuoncino filed another motion to amend his complaint.  Doc. No. 184; Doc. No. 184-1.  As he did in the motion terminated by Judge Kiel, Mr. Vuoncino sought to name USP Foundry and USP Holdings as Defendants.  Doc. No. 184-1.  Defendants opposed the motion, in part on the basis that a SOX claim against USP Foundry or USP Holdings would be untimely.  Doc. No. 188 at 12–18; Doc. No. 190 at 1–2.  The Court denied the motion without opinion.  Doc. No. 194.

Defendants then moved to dismiss Mr. Vuoncino's complaint.  Doc. No. 195; Doc. No. 196.  The Court granted that motion.  Doc. No. 203.  It found that Mr. Vuoncino failed to sufficiently allege that either Forterra or USP Fabrication was

his employer or an alter ego of his employer liable for its conduct.  *Id.* at 13–14. Because the parties submitted documentary evidence in an effort to identify Mr. Vuoncino's employer, the Court reviewed the evidence and concluded that it failed to show that Forterra or USP Fabrication employed Mr. Vuoncino.  *Id.* at 14–17.  The Court issued a partial final judgment dismissing Mr. Vuoncino's SOX claim with prejudice.  Doc. No. 204 at 1.

Just shy of a month later, Mr. Vuoncino filed a motion asking the Court to reconsider the dismissal of the claim and permit him to file an amended complaint. Doc. No. 205.  The proposed amendment is substantially similar to the amendment naming USP Foundry and USP Holdings as Defendants that the Court previously denied.  *Compare* Doc. No. 184-1, *with* Doc. No. 205-2.

While his motion for reconsideration was pending, Mr. Vuoncino moved for leave to file an opinion of the arbitrator hearing his non-SOX claims.  Doc. No. 215. In the opinion, the arbitrator granted in part and denied in part a motion to dismiss Mr. Vuoncino's claims filed by Forterra, USP Fabrication, USP Foundry, and USP Holdings.  Doc. No. 215-1 at 1.  Among other things, the arbitrator found that Mr. Vuoncino's non-SOX claims against USP Foundry and USP Holdings are timely because they "relate back" to the filing of Mr. Vuoncino's original complaint in 2018. *Id.* at 8–12.  The Court noted that the motion to file the opinion did not comply with local requirements, and Mr. Vuoncino filed a superseding motion to cure the defects. Doc. No. 217.

8

Since the Court has granted the second motion for leave to file the arbitrator's opinion, the motion for reconsideration is the only motion pending before the Court.

## II.   LEGAL STANDARD

Mr. Vuoncino brings his motion for reconsideration and leave to amend his complaint under Federal Rules of Civil Procedure 59(e) and 60(b).  Doc. No. 205 at 4.

### A.  Rule 59(e)

Under Rule 59(e), the Court may alter or amend a judgment upon motion made within twenty-eight days of its entry.  That rule applies to a final judgment even if it does not dispose of all claims in a case.  *Vetcher v. ICE*, 844 F. App'x 691, 694 (5th Cir. 2021) (per curiam).  A movant under Rule 59(e) typically "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot . . . raise arguments which could, and should, have been made before the judgment issued."  *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (internal quotation marks and citations omitted).

An exception to this standard exists when the judgment is on the pleadings and the plaintiff files a post-judgment motion for leave to amend his complaint.  *Id.*; *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981).  In that situation, the Court ordinarily reviews the proposed amendment under Federal Rule of Civil Procedure 15(a).  *Rosenblatt*, 607 F.3d at 419; *Dussouy*, 660 F.2d at 597 n.1.  The Court freely grants amendments pursuant to Rule 15(a) where justice so requires, but it will deny an amendment for a substantial reason such as the futility of the amendment, the

plaintiff's undue delay in presenting the amendment, or the plaintiff's repeated failure to cure deficiencies in his pleading.  *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Mr. Vuoncino's post-judgment motion presents a wrinkle because he is proposing an amendment that is substantially similar to one the Court denied prior to its order dismissing his claims with prejudice.  *Compare* Doc. No. 184-1, *with* Doc. No. 205-2.  In other words, he is implicitly challenging the Court's interlocutory denial of leave to amend.  A party may attack an interlocutory order by Rule 59(e) motion after a judgment has entered, but he usually loses the benefit of the flexible standard used by district courts for reviewing interlocutory orders prior to the entry of judgment. *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 227 (5th Cir. 2018).  The Fifth Circuit has not decided whether he remains entitled to a second review of an interlocutory denial of leave to amend under Rule 15(a) or whether the initial review under Rule 15(a) is sufficient and ordinary Rule 59(e) principles govern the second look.  *Cf. Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (applying Rule 15(a) where the proposed interlocutory amendment was conclusory but the proposed post-judgment amendment was not).  The Court will assume that Rule 15(a) continues to govern because it does not alter the Court's decision.

**B. Rule 60(b)**

The Court will not separately analyze Mr. Vuoncino's motion under Federal Rule of Civil Procedure 60(b) because it would deny the motion under Rule 60(b) for the same reasons it is denying it under Rule 59(e).

Rule 60(b) allows the Court to relieve a party from a final judgment based on one of several grounds, such as mistake, discovery of new evidence, or fraud. It is unclear on which ground Mr. Vuoncino relies, but it appears to be the "catch-all" ground which encompasses any "reason that justifies relief" not specifically enumerated. Fed. R. Civ. P. 60(b)(6). The Court generally will set aside a judgment on that ground only in extraordinary circumstances if the judgment was manifestly unjust. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993); *Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019).

Rule 60(b) imposes a stricter standard than Rule 59(e). *Frew v. Young*, 992 F.3d 391, 397 (5th Cir. 2021). For that reason, the Court's decision under 59(e) to adhere to its order dismissing Mr. Vuoncino's claims means it would adhere to the order under the Rule 60(b) standard for the same reasons.

Similar logic holds insofar as the Court is considering Mr. Vuoncino's motion as a request for leave to amend governed by Rule 15(a) standards that are more lenient than Rule 60(b) standards. The Court's conclusion that the proposed amendment is defective under Rule 15(a) means the amendment need not be allowed under

Rule 60(b).  *Parker v. Bd. of Supervisors Univ. of La.-Lafayette*, 335 F. App'x 465, 466 (5th Cir. 2009) (per curiam).

## III.   DISCUSSION

Mr. Vuoncino's Motion for Reconsideration has two parts, which the Court will review separately.  The Court first discusses Mr. Vuoncino's challenge to the dismissal of his claims and, applying ordinary Rule 59(e) principles, rejects it.  The Court then analyzes Mr. Vuoncino's request for leave to amend his complaint under Rule 15(a) and rejects it, too.

### A. Dismissal

Mr. Vuoncino's proffered reasons for reconsidering the dismissal of his SOX claim consist of arguments he presented or could have presented prior to the dismissal.  None of them persuades the Court to vacate the dismissal.  Except possibly to point out a manifest error by the Court, repeated and belated arguments are not proper bases for reconsideration.  *See Edionwe*, 860 F.3d at 295; *Budri v. FirstFleet, Inc.*, 860 F. App'x 306, 309 (5th Cir. 2021).  Mr. Vuoncino identifies no such error.

Mr. Vuoncino focuses on the Court's holding that he did not identify which of the Defendant entities was his employer, a necessary step in alleging his SOX claim.  *See* Doc. No. 203 at 14 (first citing *Moody v. Am. Nat'l Ins. Co.*, 466 F. Supp. 3d 727, 730–31 (S.D. Tex. 2020), *aff'd*, 842 F. App'x 875 (5th Cir. 2021), and then citing *Smith v. Psychiatric Sols., Inc.*, 2009 WL 903624, at *9 (N.D. Fla. Mar. 31, 2009), *aff'd*, 358 F. App'x 76 (11th Cir. 2009)).  The theme of Mr. Vuoncino's objection to the

Court's holding is that "there is a legitimate factual dispute concerning the identity of his employer" because of purportedly conflicting information in the documentary evidence. Doc. No. 205 at 11. This mirrors Mr. Vuoncino's pre-judgment brief opposing dismissal, where he objected to the consideration of documents outside his complaint but simultaneously filed a number of documents purportedly demonstrating that such a dispute existed. *See, e.g.*, Doc. No. 200 at 5–9. Several of the documents even make a reappearance in his current briefing. None of the documents is compelling evidence that the Court erred when it found that Mr. Vuoncino had not alleged—or, alternatively, shown—that Forterra or USP Fabrication employed him.

Mr. Vuoncino first faults the Court for failing to consider Forterra's response to the OSHA complaint he brought under SOX, but the fault is his. Doc. No. 205 at 11–12. While Forterra appeared to suggest that USP Fabrication was Mr. Vuoncino's employer in the response—a position it has since consistently disavowed—Mr. Vuoncino failed to include the response among the exhibits he attached to his motion to dismiss briefing and did not rely on it in the body of his briefing. Doc. No. 184-1 at 32. There is no question Mr. Vuoncino could have brought the response to the Court's attention if he thought it was material to motion. He had already submitted the response in support of a different motion over two months earlier, and he showed no compunction about countering Defendants' motion to dismiss evidence by submitting evidence of his own. *Id.* at 32–53; Doc. Nos. 200-1 to -4. The Court will not now vacate its judgment based on evidence he previously chose to omit.

*Norsworthy v. Houston Indep. Sch. Dist.*, 2022 WL 5081857, at *2 (S.D. Tex. Oct. 4, 2022) (Rosenthal, C.J.), *aff'd*, 70 F.4th 332 (5th Cir. 2023).

For the same reasons, the Court will not set aside the judgment based on an employment agreement Mr. Vuoncino signed in 2013 for a position he no longer held when he objected to USP Fabrication's accounting and was terminated.  Assuming the agreement has any relevance, Mr. Vuoncino did not submit it or rely on it in his motion to dismiss briefing despite personally signing it and filing it with a different motion months earlier.  Doc. No. 184-1 at 112–14; Doc. No. 205 at 12.

Mr. Vuoncino's remaining documentary evidence comprises the previously noted documents filed with his motion to dismiss briefing.  The Court finds no reason to interpret that evidence differently than it did in its dismissal order.  *See Anderson v. Martco L.L.C.*, 852 F. App'x 858, 860 (5th Cir. 2021) (per curiam).

The first piece of evidence, Mr. Vuoncino's W-2s from the period of his alleged whistleblowing and termination, list USP Foundry as his employer.  Doc. Nos. 201-3 to -4.  Mr. Vuoncino does not seriously contend that these documents conflict with the conclusion that neither named corporate Defendant—Forterra or USP Fabrication—is his employer.  Doc. No. 205 at 12.  He simply argues that the W-2s deserve less weight than the Court gave them in its dismissal order, an odd assertion since the Court was not weighing the evidence against contrary evidence.  *Id.*

The Court likewise continues to believe that the second piece of evidence, Mr. Vuoncino's separation agreement with USP Foundry, does not indicate that

Forterra or USP Fabrication was his employer.  Doc. No. 200-1.  Mr. Vuoncino's suggestion that USP Fabrication may have employed him because it was an unnamed "affiliate" of USP Foundry released from claims in the agreement is, at best, more creative than convincing.  Doc. No. 205 at 13.

The Court also remains of the view that the last piece of evidence, Forterra's announcement of Mr. Vuoncino's termination, does not show that Forterra or USP Fabrication employed Mr. Vuoncino.  Mr. Kerfin, a Forterra officer, issued the announcement on letterhead reading "U.S. Pipe . . . A Forterra Company."  Doc. No. 200-2 at 2.  It reads, "We are reorganizing the leadership of the U.S. Pipe Fabrication business.  Effective today, Ray Vuoncino . . . left the organization to pursue other opportunities."  *Id.*  This language, considered together with the identity of the announcement's author and with the letterhead, suggests that Mr. Vuoncino was leaving the Forterra family of businesses and that he had some role supervising USP Fabrication, a subsidiary of Forterra.  It does not clarify which Forterra entity employed Mr. Vuoncino.  Executives often supervise subsidiaries that do not employ them.  Mr. Vuoncino himself testified that he reviewed the profit and loss statements of both USP Fabrication and USP Foundry.  Doc. No. 24 ¶ 15.  The Court cannot discern who his employer was from the announcement.

Having reviewed the documentary evidence Mr. Vuoncino offers as a basis for reconsidering the dismissal of his SOX claim, the Court finds no reason to vacate the dismissal.  In a footnote in his reply brief, Mr. Vuoncino raises for the first time a

separate argument that the SOX claim should proceed against Mr. Bradley and Mr. Kerfin. Doc. No. 212 at 11 n.2. The Court will not consider this argument because Mr. Vuoncino waived it by failing to press it before Defendants filed their response briefs. *Ruiz v. Allstate Ins. Co.*, 295 F. App'x 668, 673 n.4 (5th Cir. 2008); *Myles v. Domino's Pizza, LLC*, 2017 WL 1025945, at *3 n.2 (N.D. Miss. Mar. 15, 2017). The Court also notes that the argument is unclear. Mr. Vuoncino simply states that there is an "independent basis" for a SOX claim against Messrs. Bradley and Kerfin without stating what that basis is. Doc. No. 212 at 11 n.2. While Mr. Vuoncino cites several cases, the Court will not attempt to piece together an argument from those cases on his behalf. The Court denies reconsideration of its dismissal of the SOX claim.

### B. Amendment

Applying Federal Rule of Civil Procedure 15(a), the Court also denies Mr. Vuoncino's motion for leave to amend his complaint to assert his SOX claim against USP Foundry and USP Holdings. The Court previously denied a similar motion without opinion. Doc. No. 194. It did so because the motion was untimely. As the Court explains below, nothing between the denial and today changes its conclusion about the untimeliness of Mr. Vuoncino's request for relief.

### i. Statute of Limitations

Mr. Vuoncino previously moved to name USP Foundry and USP Holdings as Defendants in March 2022, more than five years after his termination. Doc. No. 184. The parties disagree about the proper statute of limitations for a retaliatory termination

claim under SOX, but under either of the options proposed, this was too late. Defendants have consistently advocated for a two-year statute of limitations that applies to SOX claims involving a "claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws." 28 U.S.C. § 1658(b); *Ellis v. CommScope, Inc.*, 2008 WL 4191482, at *4 (N.D. Tex. Sept. 11, 2008) (Fish, J.); Doc. No. 188 at 13; Doc. No. 190 at 1–2; Doc. No. 206 at 20–21; Doc. No. 207 at 1.  Mr. Vuoncino once advocated for a four-year "fallback" statute of limitations that applies to federal claims without a specified limitations period, though it is unclear whether he still accepts it.  28 U.S.C. § 1658(a); *Jones v. Southpeak Interactive Corp.*, 777 F.3d 658, 668 (4th Cir. 2015); Doc. No. 193 at 8; *see also* Doc. No. 212 at 12 (acknowledging Defendants' reference to the four-year period without expressly readopting it).  Both limitations periods ended before Mr. Vuoncino moved to amend in 2022.

While Mr. Vuoncino previously suggested a third limitations rule—that there is no statute of limitations for SOX retaliation claims except the statute of limitations for administrative proceedings—he no longer advances that argument.  Doc. No. 193 at 7–8; Doc. No. 212 at 12.  The Court will not dwell on it except to note that it would be curious if Congress intended to give claimants an indefinite period after commencing administrative proceedings to file in court rather than intending that some specific or fallback limitations period would apply.

ii.  <u>Relation Back</u>

The parties' primary dispute centers on Mr. Vuoncino's attempts to avoid the statute of limitations.  Mr. Vuoncino says that he meant to sue his employer and mistakenly failed to sue USP Foundry and USP Holdings.  Doc. No. 212 at 13; *see also* Doc. No. 184 at 13.  He asserts that the amendment to name these entities Defendants "relates back" to the original complaint because of his mistake, meaning that the Court should treat the proposed SOX claim against them as if he had timely filed it as part of the original complaint.  Doc. No. 193 at 10; Doc. No. 212 at 13.

Federal Rule of Civil Procedure 15(c) permits an amended pleading changing or renaming a party to relate back to the original pleading in the action on three conditions.  First, the amendment must assert a "claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Second, the new party must have "received such notice of the action that it will not be prejudiced in defending on the merits" within the "period provided by Rule 4(m) for serving the summons and complaint." Fed. R. Civ. P. 15(c)(1)(C)(i).  As relevant here, that notice period was ninety days, ending on May 22, 2018.  Third, within this period it must be that the new party knew or should have known that "the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  The plaintiff's delay in proposing the amendment is irrelevant except insofar as it shows that one of these conditions is or is not satisfied.  *Krupski v. Costa Crociere S. p. A.*, 560

U.S. 538, 553–54 (2010).   There is no dispute that the Mr. Vuoncino's proposed amendment satisfies the first condition.   It is unclear whether it satisfies the second. Whether or not it does, it certainly does not satisfy the third.

At no point before May 22, 2018 did USP Foundry or USP Holdings have any reason to think that Mr. Vuoncino made a mistake when he named the Defendants to his suit.   Mr. Vuoncino sued the ultimate parent of USP Foundry and USP Holdings, Forterra, and two of Forterra's officers.   Doc. No. 1.   Although Mr. Vuoncino now voices confusion about who employed him, the one thing every party knew at the time of the suit was that Forterra did not.   In pre-suit proceedings before OSHA, Mr. Vuoncino alleged that he held employment with "U.S. Pipe, Inc." but not the other respondent—Forterra.   Doc. No. 195-2.   Forterra responded and appeared to name USP Fabrication as Mr. Vuoncino's employer.   Doc. No. 184-1 at 32.   When Mr. Vuoncino finally sued Forterra in federal court, he did not allege that Forterra employed him.   Doc. No. 1.   Assuming USP Foundry and USP Holdings were aware of the suit, the obvious inference was that Mr. Vuoncino had decided seek recovery from Forterra rather than suing his employer, presumably to reach deeper pockets.

This is precisely what subsequent filings within the limitations period confirm. Forterra moved to dismiss Mr. Vuoncino's SOX claim because Mr. Vuoncino "was employed by [USP] Foundry" and had not "alleged that [its] corporate veil should be pierced or that Forterra is the alter ego for [USP] Foundry."   Doc. No. 11-1 at 27, 40. Far from expressing surprise, Mr. Vuoncino flatly acknowledged that he "was either

employed by [USP] Foundry or [USP] Fabrication" but insisted that he should be able to sue Forterra directly based on his reading of SOX.  Doc. No. 22 at 25–26. By the time this exchange was over, so was the period in which USP Foundry and USP Holdings had to have notice that Mr. Vuoncino would have sued them but for a mistake.  The Court will not charge them with notice simply because Mr. Vuoncino now says that what looked like calculated litigation strategy was actually an error.  *See Gutierrez v. Raymond Int'l, Inc.*, 86 F.R.D. 684, 685 (S.D. Tex. 1980) (denying relation back where nonparty put plaintiff on notice of sufficient information to avoid a suit against defendant on an alter ego theory but plaintiff nonetheless sued on an alter ego theory); *cf. Lighthouse Prop. Ins. Corp. v. BMW of N. Am., LLC*, 2017 WL 11674146, at *4 (E.D. La. Nov. 29, 2017) (denying relation back where plaintiff's mistake in failing to sue manufacturer lay in its apparently conscious but fruitless attempt to impose manufacturer liability on a distributor).

The Court is unmoved by Mr. Vuoncino's assertion that he made a textbook mistake by suing USP Fabrication in the erroneous belief that it was his employer. Doc. No. 212 at 13.  Mr. Vuoncino eventually amended his complaint to sue USP Fabrication, but he did not even attempt to do so until well after the ninety-day notice period ran.  Doc. No. 41-2.  He appears to be under the impression that the notice period resets every time he files an amended complaint.  That is not true.  *Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015); *see also Al-Dahir v. FBI*, 454 F. App'x 238, 242 (5th Cir. 2011) (per curiam) (finding notice period fixed based on the filing

date of the original complaint).  Even if it were, his decision to name USP Fabrication hardly put USP Foundry and USP Holdings on notice that he meant to sue them, too. He had already admitted that USP Fabrication "or" USP Foundry was his employer, and the named Defendants identified USP Foundry as the correct choice.  Doc. No. 22 at 25–26; Doc. No. 11-1 at 27.  His decision to sue USP Fabrication alone must have seemed deliberate to USP Foundry and USP Holdings.

The Court is also unpersuaded by Mr. Vuoncino's latest submission, which posits that the opinion of the arbitrator presiding over his non-SOX claims is dispositive of the relation back issue.  Doc. No. 223 at 11.  The arbitrator found that the non-SOX claims related back to Mr. Vuoncino's original complaint, but his decision is not binding on the Court.  Doc. No. 217-1 at 11.  The Court has discretion in deciding whether to give arbitral findings issue preclusive effect, in which case they would be decisive of parallel issues before the Court.  *Grimes v. BNSF Ry. Co.*, 746 F.3d 184, 188 (5th Cir. 2014).  It would stretch, if not exceed, the bounds of that discretion to treat the arbitral opinion on relation back as preclusive here.  In relevant part, the opinion was explaining the arbitrator's denial of a motion to dismiss made on statute of limitations grounds.  Doc. No. 217-1 at 9.  Because the denial of a motion to dismiss is not a final decision, the Court would not treat even a fellow court's opinion on the matter as preclusive.  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285 (5th Cir. 2006).  It will not give that treatment to the arbitrator's opinion.  The arbitrator did not offer any reasons for his finding that USP Foundry and USP Holdings "knew

or should have known they would have been named [as Defendants] earlier but for a mistake," so the Court is unfortunately unable to assess whether the unstated reasons are compelling despite being nonbinding.  Doc. No. 217-1 at 11.

   iii.  <u>Equitable Tolling</u>

Before concluding, the Court considers and rejects Mr. Vuoncino's brief argument that equitable tolling effectively extended the statute of limitations for his SOX claim even if the claim does not relate back to his original pleading.  Doc. No. 212 at 14.  Equitable tolling may delay the running of a statute of limitations if the plaintiff pursues his rights diligently and an extraordinary circumstance prevented him from timely filing suit. *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255–56 (2016).  Mr. Vuoncino believes that the rule applies here because Defendants were slow in producing his own W-2s and unspecified "other discovery" he requested.  Doc. No. 212 at 14; Doc. No. 193 at 12–13.  The Court will not try to guess what the "other discovery" was.

Taking at face value Mr. Vuoncino's implied assertion that he did not possess his own W-2s until Defendants produced them in discovery, the Court does not believe that receiving the W-2s was essential before Mr. Vuoncino could name USP Foundry or USP Holdings as a Defendant.  *See Crostley v. Lamar Cnty.*, 717 F.3d 410, 426 (5th Cir. 2013) (denying equitable tolling where plaintiffs waited to name defendant until after his deposition because they already knew enough to sue him).  His own conduct suggests this conclusion.  Mr. Vuoncino moved to join USP Holdings as a Defendant

22

even though none of the W-2s in the record identify USP Holdings as his employer. Doc. No. 200-3; Doc. Nos. 201-1 to -4.  He had even more information about USP Foundry since Defendants explicitly told him that USP Foundry was his employer before the statute of limitations ran.  Doc. No. 11-1 at 27.  He nonetheless delayed nearly three years before seeking to add USP Foundry and USP Holdings to this suit for the first time.  Doc. No. 125.  That does not evidence diligence on his part and casts doubt on the existence of extraordinary circumstances preventing him from moving more quickly.  *See Hazzard v. Express Servs.*, 909 F. Supp. 2d 559, 563 (N.D. Miss. 2012).

   iv.   Conclusion

   The Court concludes that Mr. Vuoncino's proposed SOX retaliation claim against USP Foundry and USP Holdings was time-barred when he first presented it to this Court and remains time-barred now.  Allowing him to amend his complaint to assert the claim would be an exercise in futility, so the Court denies the amendment under Federal Rule of Civil Procedure 15(a).  *Johnson v. PPI Tech. Servs., L.P.*, 605 F. App'x 366, 373 (5th Cir. 2015) (per curiam).  The Court's finding of futility also disposes of Mr. Vuoncino's argument that Federal Rule of Civil Procedure 21, which permits the adding and dropping of parties, governs the amendment.  Doc. No. 212 at 8.  Although there is reason to doubt that Rule 21 applies, *see Jackson v. NAACP*, 575 F. App'x 256, 260 (5th Cir. 2014) (per curiam), it imposes the same standard as Rule 15(a) if it does.  *Vera v. Bush*, 980 F. Supp. 254, 255 (S.D. Tex. 1997) (Jones,

Hittner, and Harmon, J.J.).  Like Rule 15(a), it is not a vehicle for Mr. Vuoncino to assert a meritless claim against new parties.  *Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008); *Von Funderburk v. Block*, 68 F.3d 482, 1995 WL 623413, at *3 (9th Cir. 1995) (per curiam).

## IV.    CONCLUSION

The Court **DENIES** Mr. Vuoncino's Motion for Reconsideration.

**SO ORDERED.**

Signed March 6th, 2024.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE